

December 4, 2024

*Via Electronic Filing*

Jarrett B. Perlow, Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

      Re:   *Smartrend Manufacturing Group (SMG), Inc. v. Opti-Luxx Inc.*
              Case No.: 2024-1616 and 2024-1650
              Citation of Supplemental Authority

Dear Clerk:

      Pursuant to Federal Circuit Rule 34 and Federal Rule of Appellate Procedure 28(j), Opti-Luxx supplements its discussion at 34-38 of its Opening Brief, with the following case: *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 119 F.4th 1355 (Fed. Cir. 2024).

      In *NexStep*, this court clarified that to support an exceptional finding of infringement under the doctrine of equivalents, an expert must provide particularized testimony and linking argument "to establish *what* the function, way, and result of *both* the claimed device and the accused device are, and *why* those functions, ways, and results are substantially the same" or the "insubstantiality of the differences" between the claimed invention and the accused device. *Id.* at 1371-73. Generalized testimony as to overall similarity is insufficient. *Id.* at 1375. This court concluded that the patentee expert's testimony was deficient because, *inter alia*, it was conclusory and circular, and "failed to provide a 'meaningful explanation of why' the 'several button presses' operate in substantially the same way as the 'single action' limitation" and "never stated or explained why several button presses are insubstantially different from a single action." *Id.* at 1374, 1377.

      Here, it is undisputed that Smartrend's frame element was different from Opti-Luxx's integrated housing tub element in that Smartrend's frame could be readily separated from its sign panel while Opti-Luxx's tub could not be without damaging the product. Mr. York's testimony is deficient in showing equivalency because, like the expert in *NexStep*, he failed to discuss how Opti-Luxx's integrated housing tub performed substantially the same function as Smartrend's frame's function of readily separating from the sign panel, or (since Opti-Luxx's housing tub did

**Gaëtan Gerville-Réache | Partner**
D 616.752.2207
E greache@wnj.com
150 Ottawa Avenue, N.W., Suite 1500
Grand Rapids, MI 49503

United States Court of Appeals for the Federal Circuit
December 4, 2024
Page 2

---

not perform that function) *why* this difference was insubstantial. Quite the opposite, Mr. York admitted there were substantial advantages to a separate frame, such as manufacturing benefits, customization benefits, logistical benefits, and so forth, which could not be obtained with an integrated tub housing. Under *NexStep*, his self-contradictory conclusory statements that the two supposedly corresponding elements performed substantially same functions in the same way with the same results could not support the jury's verdict.

        Very truly yours,

        /s/ *Gaëtan Gerville-Réache*

        Gaëtan Gerville-Réache

/ggr

212775.212775 #31443826