

**Brooks Kushman P.C.**
150 W. Second St., Suite 400N
Royal Oak, Michigan 48067-3846  USA
Tel (248) 358-4400 | Fax (248) 358-3351

www.BrooksKushman.com

December 18, 2024

*Via Electronic Filing*

Jarrett B. Perlow, Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

  Re: ***Smartrend Manufacturing Group (SMG), Inc. v. Opti-Luxx Inc.***
     **Case No.: 2024-1616 and 2024-1650**
     **Citation of Supplemental Authority**

Dear Clerk:

*Nexstep* is not new law. It simply restates the evidentiary requirements for a DOE analysis. Indeed, *Nexstep* stated that these "requirements" were "set forth in earlier cases." 119 F.4th at 1371.

Notwithstanding, Opti-Luxx's assertion that the claimed frame's function was that it "could be readily separated from its sign panel" is wrong. As Mr. York testified, and the '491 claims confirm, the frame's only "claimed" functions are "surrounding a perimeter of the translucent panel and forming a perimeter of the sign for mounting the sign to the school bus." Appx1736-1740; Appx1833 ("Changing the sign out is not part of the claim.") At a minimum, the claimed function is a factual question which the jury resolved. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1314-15 (Fed. Cir. 2009) (function for structural limitations is fact question for jury.)

Jarrett B. Perlow, Clerk of the Court
December 18, 2024
Page 2

Nowhere does Opti-Luxx challenge Mr. York's DOE analysis for his identified claimed function. Nor could it. Mr. York clearly identified both the integral frame of Opti-Luxx's product, showed it to the jury ("there is a frame here") and explained in detail how it was equivalent to the claimed frame. Appx1735-1740; Appx1839-40. He thoroughly walked the jury through the function, way, and result test, explaining both the claimed frame and OLI frame "surrounds" and "forms a perimeter of the sign for [the function of] mounting." Appx1735-1740; Appx1833-1835; Appx1837-1840; Appx1874. Mr. York also explains that the claimed function is performed "in the same way" by "[s]urrounding" the lens (*e.g.,* "[w]hether the pieces are nailed together, glued together, screwed together . . . [y]ou still have a frame going around everything") and directly mounting by utilizing screws through the frame (pointing to "where screws would pass through and mount it.") Appx1735-40; Appx1747; Appx1819. Lastly, Mr. York explains it achieves the same result—mounting an illuminated sign "to the school bus" without the carving out a hole like prior art grommet mount signs. Appx1721; Appx1735-1740. His analysis was substantially more detailed than in *Nexstep* and tethered to the actual claim language. Affirmance is warranted.

Very truly yours,

**BROOKS KUSHMAN P.C.**

/s/ *Thomas W. Cunningham*

Thomas W. Cunningham

